

**R23 LAW APC**
Peng Shao (SBN 319624)
Jared V. Walder (SBN 310687)
Litigation@R23Law.com
633 West Fifth St. 26th Floor
Los Angeles, CA 90071
Tel:  888-533-2948
Fax:  415-558-0230

*Attorneys for Plaintiff*
*Marvin Carlo Morales*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARVIN CARLO MORALES;** an individual;<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, N.A.; AMERICAN HONDA FINANCE CORPORATION; EXPERIAN INFORMATION SOLUTIONS INC; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; and DOES 1 to 50,** inclusive;<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>(1) FAIR CREDIT REPORTING ACT;<br>(2) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;<br>(3) CALIFORNIA IDENTITY THEFT ACT;<br>(4) INTRUSION UPON SECLUSION;<br>(5) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br>(6) BUS. & PROF. CODE § 17200<br><br>**DEMAND FOR JURY TRIAL** |



Plaintiff MARVIN CARLO MORALES ("Plaintiff"), an individual files this COMPLAINT AND DEMAND FOR JURY TRIAL against Defendants BANK OF AMERICA, N.A.; AMERICAN HONDA FINANCE CORPORATION; EXPERIAN INFORMATION SOLUTIONS INC; EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; and DOES 1 to 50, inclusive (collectively "Defendants"), and based on information and belief, hereby alleges and complains as follows:

## INTRODUCTION

1. This action arises from an identity theft incident that resulted in the fraudulent opening of multiple financial accounts in Plaintiff's name, the subsequent collection of the debts owed on those accounts, and the reporting of those accounts to credit reporting agencies.

2. Plaintiff did not authorize the opening or use of any of the fraudulent accounts at issue (the "Accounts"), and they timely notified both the banks—Defendants BANK OF AMERICA, N.A. and AMERICAN HONDA FINANCE CORPORATION (collectively, "Furnishers" or "Bank Defendants"), and the national credit reporting agencies Equifax, Experian, and Trans Union (collectively, "CRAs" or "CRA Defendants") of the same in compliance with applicable federal and state law.

3. Despite receiving multiple formal written disputes from Plaintiff —each enclosing a police report, FTC affidavit, government-issued ID, and proof of residence — Defendants failed to take appropriate action.

4. The Furnishers continued furnishing inaccurate account data regarding the Accounts, which Plaintiff never applied for, authorized, or used. They also continued to attempt to collect the fraudulent debt from Plaintiff.

5. The CRAs also continued to report the Accounts on Plaintiff's consumer credit reports even after being notified in writing, repeatedly, that the Accounts are fraudulent.

6. At bottom, Defendants ignored Plaintiff's repeated disputes, disregarded supporting evidence including police reports, failed to conduct a reasonable investigation and/or reinvestigation, and continued publishing false and damaging credit information and attempted to collect upon fraudulent debt.

7. Plaintiff now brings this action for violations of (1) the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*.; (2) the California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code section 1785.25 *et seq*.; (3) the California Identity Theft Act (CITA), Cal. Civ. Code section 1798.92 *et seq*.; (4) Intrusion Upon Seclusion; (5) the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), Cal. Civ. Code section 1788 *et seq*.; and (6) Unfair Business Practices under Cal. Bus. & Prof. Code section 17200 *et seq*.

8. Plaintiff seeks actual, statutory, civil, and punitive damages, in excess of the jurisdictional minimum, for the harm that they have suffered.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 due to federal causes of action under 15 U.S.C. § 1681.

10. Jurisdiction is proper in this Court because the amount in controversy exceeds the jurisdictional minimum of this Court, and this case involves the violation of Federal statutes.

11. Because all Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.



# PARTIES

13. Plaintiff Marvin Carlo Morales is a natural person, a resident of San Bernardino County, and a citizen of the State of California. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and 1692a and by California Civil Code section 1785.3(b). Plaintiff is also a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code section 1798.82(d).

14. This action involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code section 1785.3(c). The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

15. Furnisher Defendants Bank of American and America Honda Finance are financial institutions that furnishes consumer credit information to consumer reporting agencies and regularly conducts business throughout California, including furnishing tradeline information. At all relevant times, Bank Defendants were a "furnisher" within the meaning of 15 U.S.C. § 1681s-2 and California Civil Code section 1785.25(a). Bank Defendants are also a "claimant" under Cal. Civ. Code section 1798.92(a), a "person" as defined by Cal. Civ. Code section 1785.3(j), engages in "debt collection" as that term is defined by Cal. Civ. Code section 1788.2(b), and is a "debt collector" as that term is defined by Cal. Civ. Code section 1788.2(c) and 15 U.S.C. § 1692a(6).

16. CRA Defendants Experian, Equifax, and TransUnion are business entities, doing business in the State of California as "consumer reporting agencies"

as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Consumer Reporting Agencies" or "CRAs"), and a "consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(d). Defendants receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers.

17. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and a "consumer credit reporting agency" under Cal. Civ. Code section 1785.3(d), and regularly engages in the business of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties.

18. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the CCP § 474. Plaintiff is informed and believes, and thereon alleges that each Named Defendant and each Defendant designated as a Doe is involved in or is in some manner responsible as an officer, director, managing agent, principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## FACTUAL ALLEGATIONS

19. Plaintiff is an individual residing in San Bernardino County, California. Prior to the fraudulent activity at issue, Plaintiff maintained good credit and had no delinquent auto loans or unauthorized high-balance Accounts in his name.

20. In or around early 2024, Plaintiff and his spouse began noticing irregularities on his credit profile, including numerous unauthorized inquiries and installment Accounts.

21. Between approximately May 2024 and December 2024, unknown identity thieves fraudulently used Plaintiff's personal identifying information to obtain substantial auto loans (collectively "Accounts") in Plaintiff's name without his knowledge, permission, or benefit. These fraudulent Accounts included an American Honda Finance account and a Bank of America auto loan.

22. Plaintiff did not apply for, authorize, cosign, or benefit from any such financing Accounts.

23. Shortly after discovery of the fraudulent Accounts, Plaintiff filed a police report and an FTC Identity Theft affidavit regarding the identity theft.

24. On or about August 7, 2025, Plaintiff sent written disputes of the Accounts with the nationwide consumer reporting agencies, Equifax, Experian and TransUnion. Plaintiff also sent written disputes to the Bank Defendants directly to report identity theft and request removal of the fraudulent tradelines.

25. On or about October 2, 2025, Plaintiff sent a second set of written disputes of the Accounts with the nationwide consumer reporting agencies, Equifax, Experian and TransUnion. Plaintiff also sent a second set of written disputes to the Bank Defendants directly to report identity theft and request removal of the fraudulent tradelines

26. Plaintiff included his identifying information, along with the police report and the FTC Identity Theft Affidavit, in all written disputes sent to all Defendants.

27. Despite Plaintiff's disputes, Defendants continued reporting the fraudulent accounts, failed to block or delete the fraudulent information, and failed to conduct a lawful reinvestigation under the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCCRA"). Experian

later confirmed it left multiple fraudulent accounts reporting as "Remains" after dispute processing.

28. As a result of the fraudulent activity and Defendants' unlawful failure to correct the reporting, Plaintiff experienced significant credit score reductions. Plaintiff's credit score dropped by more than 100 points, and he suffered adverse lender actions, including a credit-limit reduction on his Best Buy Visa Platinum account, citing "recent delinquency," "proportion of balance to limit," and other risk factors resulting from the identity theft.

29. On or about February 6, 2025, Plaintiff received correspondence reflecting a reduction of his available credit because Defendants continued to furnish and report fraudulent Accounts and derogatory data linked to identity theft.

30. On or about May 2025, Experian issued Plaintiff "dispute results" confirming that at least two fraudulent auto accounts—including those with Bank of America were left reporting as valid obligations despite Plaintiff's identity-theft report and supporting documentation.

31. Plaintiff never received legally required notices of reinvestigation results from all credit bureaus, nor written confirmations that the fraudulent accounts were blocked or deleted as required by 15 U.S.C. §1681c-2 and Cal. Civ. Code §1785.16(k).

32. Plaintiff also suffered real-world harm, including being denied rental housing when landlords reviewed credit reports reflecting approximately $100,000 in fraudulent debt. Application records and payment receipts confirm Plaintiff sought rental housing in January 2025 and was screened via third-party rental platforms.

33. Plaintiff experienced emotional distress, frustration, anxiety, and disruption to housing plans. Potential landlords have denied Plaintiff's applications for renting apartments after seeing the large fraudulent loan balances and the precipitous drop in his credit score.

34. Plaintiff took reasonable and diligent steps to correct the errors, including submitting disputes, contacting lenders, providing police reports, communicating with credit-reporting agencies, and supplying proof of identity. Despite these efforts, Defendants have refused or failed to block or correct the inaccurate information.

35. Defendants' conduct was reckless, willful, and in conscious disregard of Plaintiff's rights under federal and state consumer protection laws. Defendants either knew or should have known the information was false, yet continued furnishing and reporting it.

36. Upon information and belief, the CRAs notified Bank Defendants of Plaintiff's disputes as required by the FCRA.

37. As a direct and proximate result of Defendants' failures, Plaintiff has suffered loss of creditworthiness; denial of housing opportunities; adverse lending decisions; lower credit limits; increased financial risk; emotional distress; loss of time; and other damages.

38. Defendants' violations are ongoing. Plaintiff continues to suffer harm as the fraudulent Accounts remain on his credit reports, and Plaintiff remains burdened by the consequences of Defendants' unlawful conduct.

## ACTUAL DAMAGES

39. As a result of Defendants' unlawful actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment, as well as physical manifestations of these emotional states. All such damages have been suffered in the past, are continuing to be suffered, and such damages will continue in the future.

///
///
///



**FIRST CAUSE OF ACTION**

Violation of the Fair Credit Reporting Act (FCRA)

(Against All Defendants)

40. Plaintiff hereby re-alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

41. Plaintiff is a "consumer" as this term is defined by 15 U.S.C. § 1681a(c) of the FCRA. Defendants are "consumer reporting agenc[ies]" as defined in 15 U.S.C. § 1681a(f) of the FCRA.

42. Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

 a. Failing to conduct a reasonable investigation;
 b. Failing to review all relevant information;
 c. Continuing to furnish inaccurate data despite clear evidence of identity theft;
 d. Failing to modify, correct, delete, or block the fraudulent account information;
 e. Failing to notify furnishers of the dispute with complete supporting information;
 f. Failing to include dispute notations in Plaintiff's file;
 g. Willfully or negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;
 h. Willfully or negligently failing to correct, after receiving ample notice, information about the Plaintiff that Defendants knew, or should have known, was incomplete or inaccurate;
 i. Willfully or negligently failing to correct or delete the incomplete and inaccurate information in Plaintiff's file after conducting an

investigation;

j. Willfully or negligently failing to conduct an adequate investigation or reinvestigation of Plaintiff's complaints, and willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known;

k. Willfully or negligently failing to provide subsequent users of the report with Plaintiff's statement of dispute or a summary thereof;

l. Failing to clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of Plaintiff's request for that information;

m. Failing to provide the furnishers with all the relevant information regarding Plaintiff's disputes;

n. Failing to review and consider all relevant information submitted by Plaintiff in their disputes;

o. Failing to promptly delete the inaccurate and incomplete items of information from Plaintiff's credit files or modify the items of information such that they were no longer inaccurate or incomplete;

p. Filing to provide Plaintiff with a description of the procedure used to determine the accuracy and completeness of the disputed credit information within 15 days of receiving Plaintiff's request;

q. Failing to include Plaintiff's 100 word statement in Plaintiff's credit report with respect to each of the disputed Accounts;

r. Willfully or negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies.

43. Plaintiff alleges that Defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated,

rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

44. As a result of the actions of Defendants, and each of them, Plaintiff has suffered economic loss, emotional distress, and reputational damage. Plaintiff has been damaged in an amount that will be proven at time of trial. As provided under the FCRA, for every willful violation of the FCRA, Plaintiff is entitled to actual damages, statutory damages, emotional distress damages, punitive damages, penalties, costs, and attorney fees.

## SECOND CAUSE OF ACTION

Violation of the Cal. Consumer Credit Reporting Agencies Act (CCRAA)

(Against All Defendants)

45. Plaintiff realleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the Complaint as though set forth fully herein.

46. Plaintiff is a "consumer" as defined by Cal. Civ. Code section 1785.3(b). The CRAs are "consumer credit reporting agencies" as defined by section 1785.3(d). Bank Defendants are a "person" and "furnisher" as defined by sections 1785.3(j) and 1785.25(a).

47. The foregoing acts and omissions, and the continued reporting by Defendants, after receiving notice of the falsity of the alleged Accounts, violates section 1785.25.

48. Defendants failed to establish or follow reasonable procedures to prevent the reporting of inaccurate information.

49. Defendants failed to properly reinvestigate the disputes and correct Plaintiff's consumer file in violation of section 1785.16.

50. Defendants should have determined that their reporting was inaccurate through review of their own account notes and records; and, as a result of the

information provided with Plaintiff's disputes.

51. On one or more occasions within the two years prior to the filing of this action, Defendants violated the CCRAA by failing to promptly allow Plaintiff to visually inspect a decoded written version all information in Plaintiff's file at the time of Plaintiff's request for that information.

52. Plaintiff has suffered both general and special damages according to proof. In addition, Plaintiff contends that Defendants willfully violated the California Consumer Credit Reporting Agencies Act by continuously furnishing and reporting credit information that was known, or which should have been known, to have been inaccurate and incomplete.

53. In addition to general and special damages according to proof, Plaintiff seeks the maximum prescribed statutory penalty against Defendants for each and every separate violation of the California Consumer Credit Reporting Agencies Act.

54. The conduct, actions and inactions by Defendants were willful, rendering Defendants liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code section 1731(a)(2)(B). In the alternative, Defendants were negligent entitling the Plaintiff to recover under Cal. Civ. Code section 1731(a)(1).

55. Plaintiff also seeks attorney fees and costs from the Defendants.

## THIRD CAUSE OF ACTION

Violation of the California Identity Theft Act (CITA)

(Against All Defendants)

56. Plaintiff realleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the complaint as though set forth fully herein.

57. As detailed above, Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code section 1798.92(d). Bank Defendants are a "Claimant" as that term is defined by section 1798.92(a).



58. Plaintiff timely notified Bank Defendants of the identity theft and submitted a police report, FTC affidavit, and supporting documentation under section 1798.93(c)(5). Bank Defendants nevertheless failed to cease collection efforts and continued to furnish false information to CRAs in violation of section 1798.93(c)(6).

59. In continuing credit reporting and debt collection activities against Plaintiff after they had reported the identity theft and providing them with a police report, Bank Defendants willfully violated the California Identity Theft Act, Cal. Civ. Code section 1798.92 *et seq*.

60. Based on Plaintiff's multiple detailed written disputes, Bank Defendants failed to diligently investigate or reinvestigate Plaintiff's notification that he is a victim of identity theft.

61. Plaintiff is entitled to actual damages, equitable relief, and a civil penalty of up to $30,000 per violation pursuant to Cal. Civ. Code section 1798.93(c)(7), as well as attorney fees and costs.

62. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney fees and costs under the California Identity Theft Act. Plaintiff is also entitled to equitable relief and a civil penalty of up to $30,000 per violation pursuant to Cal. Civ. Code section 1798.93(c)(7).

## **FOURTH CAUSE OF ACTION**

### Intrusion Upon Seclusion

(Against All Defendants)

63. Plaintiff realleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the complaint as though set forth fully herein.

64. The foregoing acts and omissions constitute numerous and multiple instances of inclusion upon seclusion.



65. Defendants intentionally intruded upon the solitude or seclusion, private affairs, or concerns of Plaintiff.

66. This intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

67. The intrusion caused Plaintiff to sustain injury, damage, loss, emotional distress, and other harm.

68. Defendants penetrated a zone of physical or sensory privacy surrounding Plaintiff and obtained unwanted access to data regarding Plaintiff.

69. Plaintiff had an objectively reasonable expectation of seclusion or solitude in the data source.

70. The actions taken by Defendants indicate a willingness to execute, maintain, and pursue improper business practices regardless of the validity of the debt.

71. In pursuing their egregious and unlawful conduct against Plaintiff, Defendants are guilty of oppression, fraud, or malice.

## FIFTH CAUSE OF ACTION

Violation of the Rosenthal Fair Debt Collection Practices Act (RFDCPA)

(Against Bank and Debt Collector Defendants)

72. Plaintiff alleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the complaint as though set forth fully herein.

73. Bank Defendants are a "debt collector" as defined by the Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code section 1788.2(c), as it regularly engages in the collection of consumer debts. The Accounts at issue constitute "consumer debts" under Cal. Civ. Code section 1788.2(b)–(f)

74. Defendants violated the RFDCPA by: continuing to collect on the alleged debts, and by continuing to contact Plaintiff, after receiving express written disputes regarding the validity of the alleged debts and explicit written notice to

cease further contact, without a valid legal basis to do so; furnishing inaccurate account data to the CRAs; and refusing to validate or delete the debts after receiving formal notice of identity theft under section 1788.18(c).

75. Defendants also violated the RFDCPA, Cal. Civ. Code section 1788.11(f), by failing to send a written communication to Plaintiff that displayed their California debt collection license number in at least 12-point type.

76. Defendants further violated the RFDCPA, Cal. Civ. Code section 1788.17 by way of 15 U.S. Code § 1692e, by making a false or misleading representation regarding reports to the United States Internal Revenue Service.

77. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

78. Defendants' conduct constitutes unfair and unlawful debt collection practices in violation of the RFDCPA, California Civil Code section 1788 *et seq*.

79. As a direct and proximate result of the intentional, willful, or reckless violations of the RFDCPA, Plaintiff has suffered damages, including emotional distress, damage to their credit, and economic harm.

80. Alternatively, Plaintiff alleges that the Defendants' conduct was negligent.

81. Plaintiff is entitled to actual damages in an amount to be proven at trial, statutory penalties, punitive damages, attorney fees and costs, as well as any other relief the Court deems just and proper.

## SIXTH CAUSE OF ACTION

Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.

(Against All Defendants)

82. Plaintiff realleges and incorporates by reference each and every allegation stated in the preceding paragraphs of the complaint as though set forth fully herein.

83. Pursuant to Cal. Bus. & Prof. Code section 17200 *et seq*, Defendants

were obligated to refrain from engaging in unfair business practices, including the unfair business practice of violating the laws detailed above.

84. It is the policy of the State of California to enforce consumer protection laws, and to protect those businesses who comply with the law from losing competitive advantage to other businesses who fail to comply.

85. Defendants have engaged in the unfair business practices of consistently and knowingly committing the violations against Plaintiff as alleged in this complaint.

86. Plaintiff is a "person" within the meaning of the Business & Professions Code section 17204, and thus possesses standing to bring this suit for injunctive relief. As alleged in this complaint, Plaintiff has suffered injury in fact from the unfair business practices of Defendants as required by Business & Professions Code section 17204.

87. The conduct of Defendants, as described herein, constitutes unlawful, unfair, and fraudulent business practices prohibited by Cal. Bus. & Prof. Code section 17200.

Unlawful Prong

88. Defendants violated multiple statutes, including but not limited to:

   a. The Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq*.);

   b. The California Consumer Credit Reporting Agencies Act (Cal. Civ. Code section 1785.25 *et seq*.);

   c. The California Identity Theft Act (Cal. Civ. Code section 1798.92 *et seq*.);

   d. The Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.); and

   e. The Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code section 1788 *et seq*.).

89. Each statutory violation constitutes an independent basis for liability

under the "unlawful" prong of the UCL.

Unfair Prong

90. Defendants' conduct also constitutes "unfair" business practices under the UCL because:

    a. Plaintiff—an unsophisticated consumer—was subjected to collection and reporting of an identity theft account despite providing full documentary proof.

    b. Defendants persisted in such conduct without justification, causing harm that outweighs any purported utility of their actions.

    c. Defendants' practices undermine the consumer protection scheme created by the FCRA, CCRAA, and CITA.

Fraudulent Prong

91. Defendants' practices are also "fraudulent" within the meaning of the UCL because they are likely to deceive reasonable consumers into believing that the reported debt was valid and collectible, even after the submission of identity theft documentation.

Injury and Standing

92. Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' UCL violations, including damage to their credit reputation and time lost trying to correct inaccurate information.

93. Plaintiff seeks injunctive relief to compel Defendants to:

    a. Remove the tradeline from Plaintiff's credit reports;

    b. Cease collection activity on the fraudulent Accounts; and

    c. Implement procedures to avoid similar misconduct in the future.

94. Plaintiff also seeks restitution of any amounts wrongfully collected, attorney fees under Cal. Code Civ. Proc. Section 1021.5, and any other relief the Court deems just and proper.

///



# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1. For declaration that Defendants' practices violate the law;
2. For actual, compensatory, special, and general, damages in an amount according to proof;
3. For punitive damages in an amount according to proof;
4. For statutory penalties and punitive damages for each separate statutory violation where allowed by statute;
5. For pre- and post- judgment interest;
6. For reasonable attorney fees and costs;
7. For injunctive relief as applicable; and
8. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

DATED:  November 18, 2025

BY: */s/ Jared V. Walder*
**R23 LAW APC**
Peng Shao
Jared Walder

*Attorneys for Plaintiff Marvin Carlo Morales*

# **ELECTRONICALLY STORED INFORMATION REQUEST**

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.